IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ATTARD INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:10cv121 (AJT/TRJ) |
| ) | |
| UNITED STATES FIRE INSURANCE CO. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM OPINION

Plaintiff Attard Industries, Inc. ("Attard") has sued Defendant United States Fire Insurance Company ("USFIC"), as surety, for payment under payment bonds USFIC posted on behalf of the general contractor with whom Attard entered into a construction subcontract. USFIC has filed a Motion to Dismiss (Doc. No. 11) on the grounds that Attard filed its claims against USFIC under the surety bond in a forum other than that specified in the subcontract between Attard and the general contractor, even though USFIC had consented in the surety bond to being sued by a claimant such as Attard in this Court. Oral argument was held on the motion on May 7, 2010, following which, upon consideration of the motion, the opposition thereto, and the arguments of counsel, the Court denied the motion in open court and now issues this Memorandum Opinion in further support of its decision.

I. Facts

On December 16, 2002 Jett Mechanical, Inc. ("Jett") entered into a contract with Turner Construction, Inc. ("Turner"), to provide all mechanical and plumbing work on a construction project at the Washington Dulles International Airport known as the Dulles Airport Package 6

Main Terminal People Mover Station (the "Project"). On January 21, 2003, Attard entered into a subcontract with Jett to provide labor and materials on the Project (the "Subcontract"). USFIC, as surety, issued payment bonds on behalf of Jett, as principal, in connection with the Project (the "Bonds"). The Subcontract provides that any disputes in excess of thirty thousand dollars are to be litigated in "a state court of competent jurisdiction nearest the place where the Project is located or in Alexandria, Virginia." Subcontract, Article 6.3.1 (Doc. No. 12, Ex. 2).[1]

During performance of the Subcontract, certain disputes in excess of thirty thousand dollars arose; and Attard instituted this action in this Court on February 12, 2010.[2] In filing in this Court, Attard relies on provisions in the Bonds, in which USFIC consents to being sued by a claimant such as Attard not only in the state court specified in the Subcontract, but also in this Court. Specifically, the Bonds, issued after the Subcontract, provide:

> (3) No suit or action shall be commenced hereunder by any Claimant:
> ...
> (c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, *or in the United States District Court for the district in which the Project, or any part thereof, is situated*, and not elsewhere.

Exhibits 1 & 2 to the Complaint (Doc. No. 1), ¶ 3 *(emphasis added)*.

---

[1] Article 6.3.1 of the Subcontract provides: "Any and all claims not subject to arbitration as set forth in paragraph 6.2 shall be resolved through application to a state court of competent jurisdiction nearest to the place where the Project is located or in Alexandria, Virginia. The parties hereto irrevocably consent to the in personam jurisdiction of the Commonwealth of Virginia." Article 6.2.1 of the Subcontract provides: "Any claim or aggregate of claims that total less than Thirty Thousand Dollars ($30,000) arising out of or related to this Subcontract, shall be subject to arbitration."

[2] On February 22, 2010, Attard also instituted an action directly against Jett in the Circuit Court of Loudoun County, Virginia, styled *Attard Industries, Inc. v. Jett Mechanical, Inc., et al*, case number CL60207, seeking recovery, in part, for the same damages asserted in this suit.

II. Analysis

A. Standard of Review

A motion to dismiss based on a forum selection clause is properly construed as a motion to dismiss on the basis of improper venue under Fed. R. Civ. P. 12(b)(3). *Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006). Once venue is challenged, the plaintiff bears the burden of showing that venue is proper. *See Rice Contracting Corp. v. Callas Contractors, Inc.*, No. 1:08-cv-1163, 2009 WL 21597, at *1 (E.D.Va. Jan. 2, 2009).[3]

B. Proper Forum

Forum selection clauses are enforceable.[4] The issue before this Court, then, is whether the forum selection clause in the Subcontract or the forum selection clause in the Bonds should

---

[3] A court is free to consider matters outside of the pleadings when resolving a Fed. R. Civ. P. 12(b)(3) motion to dismiss. *Sucampo Pharmaceuticals Inc.*, 471 F.3d at 550 (*citing Argueta v. Banco Mexicano*, 87 F.3d 320, 324 (9th Cir.1996)). However, without an evidentiary hearing, the Court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party. *Hipage Co. v. ACCESS2GO*, 589 F. Supp. 2d 602, 611 (E.D. Va. 2008) (citation omitted).

[4] It is unresolved in the Fourth Circuit whether state or federal law applies in a diversity case, such as this action, in determining whether to enforce a forum selection clause. Under Virginia law, forum selection clauses "are *prima facie* valid and should be enforced" unless they are "unfair or unreasonable, or are affected by fraud or unequal bargaining power." *Paul Business Systems, Inc. v. Canon U.S.A., Inc.*, 240 Va. 337 (1990). Under federal law, a forum selection clause can be enforced unless it is unreasonable. A forum selection clause will be found to be unreasonable where (1) it was the result of fraud or overreaching; (2) trial in the contractual forum would be so gravely difficult and inconvenient for the complaining party that he would for all practical purposes be deprived of his day in court; or (3) enforcement would contravene a strong public policy of the forum in which suit is brought." *Pee Dee Health Care, P.A. v. Sanford*, 509 F.3d 204, 213-14 (4th Cir. 2007), *citing M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15-18 (1972) (internal quotation marks and citations omitted). Here, resolving which law to apply is unnecessary since the Court reaches the same decision under either. *See Rice Contracting Co.*, 2009 WL 21597 at *3 (finding it "irrelevant" whether federal or state law applies when deciding whether to enforce a forum selection clause in a diversity case "because the federal and Virginia standards are substantially the same").

apply to this action. USFIC agues that venue for Attard's claims under the Bonds is limited to the forum specified in the Subcontract and may not be brought in this Court based on its broader consent in the Bonds. The basis for this position is two-fold: first, since the claim is based on a dispute arising out of the Subcontract, the terms of the Subcontract control and second, as a surety, USFIC is entitled to assert as a defense the defenses that would be available to its principal, Jett, which would include the forum selection clause under the Subcontract. *See Artistic Stone Crafters, Inc. v. Safeco Ins. Co. of America*, No. CV 108-153, 2010 WL 317472, at *6 (S.D. Ga. Jan. 25, 2010) (a surety is entitled to the benefit of a valid forum-selection clause between its principal and the claimant); *Concrete Indus., Inc. v. Dobson Bros. Const. Co.*, No. 06-1325-WEB, 2007 WL 1455979, at *5 (D. Kan. May 17, 2007) ("A surety has the same defenses as a principal . . . . [and] Western Surety is also entitled to enforcement of the forum selection clause) (citations omitted); *U.S. ex rel. Coken Co., Inc. v. National Union Fire Ins. Co. of Pittsburgh, PA*, No. Civ. 103CV00222, 2003 WL 22937731, at *1 n.1 (M.D.N.C. Dec. 2, 2003) ("Though Defendant Sureties were not parties to the contract between Coken and Clark, they are entitled to invoke the forum selection provisions in that agreement."). Attard argues, however, that its claims against USFIC arise under the Bonds, not the Subcontract, and since USFIC has specifically consented in the Bonds to a broader choice of forum, Attard is not limited to the forum that would apply in a direct action against Jett under the Subcontact. Attard also points out that not *all* defenses of the principal are applicable to the determination of a surety's liability under its bond. *See United States f/u/b Acoustical Concepts v. Travelers Cas. & Sur. Co. of Am.*, 635 F. Supp. 2d 434, 442 (E.D. Va. 2009).

There is no controlling decision under Virginia law or within this Circuit. As USFIC points out, courts in other jurisdictions have enforced forum selection clauses in a subcontract

between a prime contractor and its subcontractor in actions brought by a subcontractor under a payment bond. However, those cases relied upon by USFIC all involved bonds that did not contain a separate forum selection clause, and the only forum selection clause that could have applied was in the applicable subcontract between the claimant and the general contractor. In cases where there are competing forum selections clauses, courts have determined that the choice of forum clause in a bond, rather than a related contract, is controlling. *See St. Paul Fire and Marine Ins. Co. v. Travelers Indem. Co.*, 401 F. Supp. 927, 930 (D. Mass. 1975) ("An action on a payment bond is governed by the venue provision of the bond rather than the venue provision of the subcontract agreement."); *see also M.L.R Painting & Wallcovering v. Hartford Ins. Co.*, 2010 WL 582087, at *3 (M.D. Ala. 2010) ("But the forum selection language is written into paragraph three of the Bonds, a contract to which Hartford is bound directly; it explicitly permits a suit to be brought.").[5]

Here, the Bonds do not reference or incorporate the forum selection clause of the Subcontract, but rather contain a broader forum selection clause than the Subcontract. Significant in this regard is that the bonds exist to facilitate payment under the Subcontract, and there is simply no reason, based on fairness or other considerations, not to permit USFIC to be sued where it agreed to be sued, particularly since Attard was intended to benefit from the Bonds.

---

[5] Attard also argues that USFIC's motion is untimely. The Complaint in this matter was filed on February 12, 2010. On March 10, 2010, USFIC filed its Answer. (Doc. No. 6). On March 30, 2010, USFIC filed an Amended Answer (Doc. No. 10), which included three new affirmative defenses, including the defense of improper venue that is the subject of this motion. Fed. R. Civ. P. 15(a)(1) permits parties to amend any pleading "once as a matter of course within . . . 21 days after serving it." USFIC's Answer is a "pleading" for the purposes of Rule 15(a) and the inclusion of the new affirmative defenses in the timely filed Amended Answer (Doc. No. 10) was proper.

For the above reasons, USFIC's Motion to Dismiss (Doc. No. 11) is be denied. An appropriate Order will issue.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
May 10, 2010