**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

|  |  |  |
|---|---|---|
| **ATTARD INDUSTRIES, INC.,** | ) | |
| | ) | |
| *Plaintiff,* | ) | **Case No: 1:10-cv-121** |
| | ) | |
| *v.* | ) | Judge Anthony J. Trenga |
| | ) | |
| **UNITED STATES FIRE INSURANCE** | ) | Magistrate Judge T. Rawles Jones, Jr. |
| **COMPANY,** | ) | |
| | ) | |
| *Defendant.* | ) | |

**DEFENDANT UNITED STATES FIRE**
**INSURANCE COMPANY'S PROPOSED JURY INSTRUCTIONS**

Defendant United States Fire Insurance Company ("U.S. Fire"), by and through its counsel, Seeger Faughnan Mendicino, P.C., and pursuant to Federal Rule of Civil Procedure 51 and Local Rule 51, hereby submits the following Proposed Jury Instructions.

1

**<u>Jury Instruction No. 1</u>**

Unless I state otherwise, you should consider each instruction given to apply separately and individually to the plaintiff and to the defendant in the case.

Authority:

3 Fed. Jury Prac. & Instr. § (5th ed. 2001)

**<u>Jury Instruction No. 2</u>**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations stand equal before the law, and are to be treated as equals.

Authority:

3 Fed. Jury Prac. & Instr. § (5th ed. 2001)

**<u>Jury Instruction No. 3</u>**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. Additionally, if a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence.

However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must, unless otherwise instructed, accept my declaration as evidence and regard as proved the fact or event, which has been judicially noticed.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

Authority:

3 Fed. Jury Prac. & Instr. § (5th ed. 2001)

**<u>Jury Instruction No. 4</u>**

The law permits me to comment to you on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you as jurors are the sole judges of the facts and are not bound by my comments or opinions.

Authority:

3 Fed. Jury Prac. & Instr. § (5th ed. 2001)

**<u>Jury Instruction No. 5</u>**

Plaintiff Attard Industries, Inc. ("Attard") has the burden in a civil action, such as this, to prove every essential element of its claim by a preponderance of the evidence. If plaintiff Attard should fail to establish any essential element of its claim by a preponderance of the evidence, you should find for defendant USFIC as to that claim.

I will explain the essential elements necessary to sustain plaintiff's claims and defenses later.

Authority:

3 Fed. Jury Prac. & Instr. § (5th ed. 2001)

6

**<u>Jury Instruction No. 6</u>**

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence that, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

Authority:

3 Fed. Jury Prac. & Instr. § (5th ed. 2001)

**<u>Jury Instruction No. 7</u>**

Generally speaking, there are two types of evidence that are generally presented during a trial--direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience. "Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case

Authority:

3 Fed. Jury Prac. & Instr. § (5th ed. 2001)

8

### Jury Instruction No. 8

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Authority:

3 Fed. Jury Prac. & Instr. § (5th ed. 2001)

**<u>Jury Instruction No. 9</u>**

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Authority:

3 Fed. Jury Prac. & Instr. § (5th ed. 2001)

**<u>Jury Instruction No. 10</u>**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Authority:

3 Fed. Jury Prac. & Instr. § (5th ed. 2001)

**<u>Jury Instruction No. 11</u>**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should decide that the testimony is not based on sufficient facts or data, or if you should decide that the testimony is not the product of reliable principles and methods, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

Authority:

Rule 702 of the Federal Rules of Evidence; 3 Fed. Jury Prac. & Instr. § (5th ed. 2001)



**<u>Jury Instruction No. 11, continued</u>**

However, a court may limit an expert's testimony to hypotheses consistent with the evidence before the jury.

Authority:

<u>Cunningham v. Rendezvous, Inc.</u>, 699 F.2d 676, 678-79 (4th Cir. 1983).

**<u>Jury Instruction No. 12</u>**

      In considering the weight to be given to the testimony of an expert witness, you should consider the basis for his opinion and the manner by which he arrived at it.

Authority:

Virginia Model Jury Instructions 2.040

**Jury Instruction No. 13**

A contract is an agreement, for consideration, between two or more parties. A contract arises when an offer is accepted.

Authority:

Buchanan v. Doe, 246 Va. 67, 72, 431 S.E.2d 289, 292 (1993); 2-45 Virginia Model Jury Instructions - Civil Instruction No. 45.010

## Jury Instruction No. 14

A material breach of contract occurs if a party fails to do something which he is bound to do according to the contract which is so important and central to the contract that the failure defeats the very purpose of the contract.

Authority:

Virginia Model Jury Instructions 45.400, Virginia Model Jury Instructions P. II415-II416.1; Va. Code. §§ 8.2-703; 8.2-711; Ragland & Co. v. Butler, 59 Va. (18 Gratt.) 323 (1868); Barnes v. Morrisson, 97 Va. 372, 34 S.E. 93 (1899); Rowland Lumber Co. v. Ross, 100 Va. 275, 40 S.E. 922 (1902); Haynes Chem. Corp. v. Staples & Staples, Inc., 133 Va. 82, 112 S.E. 802 (1922); Western state Hosp. v. Mackey, 151 Va. 495, 145 S.E. 419 (1928); Williams v. Snider, 190 Va. 226, 56 S.E.2d 63 (1949); Sternheimer v. Sternheimer, 208 Va. 89, 155 S.E.2d 41 (1967); Matzelle v. Pratt, 332 F. Supp. 1010 (E.D. Va. 1971); Board of Supervisors v. Ecology one, Inc., 219 Va. 29, 245 S.E.2d 774 (1978); R.G. Pope Constr. Co. v. Guard Rail, 219 Va. 111, 224 S.E.2d 774 (1978); Spotsylvania County Sch. Bd. v. Seaboard Sur. Co., 243 Va. 202, 415 S.E.2d 120 (1992); Horton v. Horton, 245 Va. 111, 487 S.E.2d 200 (1997); Countryside Orthopaedics, P.C. v. Peyton, 261 Va. 1, 539 S.E.2d 735 (2001).

## Jury Instruction No. 15

A waiver occurs when a party intentionally gives up a contractual right which would have been beneficial to it. A waiver may be expressly stated or it may be implied from conduct. A party cannot waive a right unless he has full knowledge of it.

Pursuant to Virginia law:

A waiver ... may be generally defined as a voluntary abandonment of some known legal right, advantage, or privilege, or such conduct as warrants an inference of the abandonment of such right, or the intentional doing of an act inconsistent with claiming it, all of which is usually dependent upon the peculiar circumstances of the case.

The essential elements of waiver are knowledge of the facts basic to the exercise of the right and intent to relinquish that right. Waiver of a legal right will be implied only upon clear and unmistakable proof of the intention to waive such right for the essence of waiver is voluntary choice.

Authority:

Virginia Model Jury Instruction 45.410; Travis v. Finley, 36 Va.App. 189, 200, 548 S.E.2d 906, 911 (Va. Ct. App. 2001).

**<u>Jury Instruction No. 16</u>**

A written contract can be modified or changed by a later oral or written agreement. Both parties must agree to the modification. A mutual intent to modify may be either expressly stated or implied from conduct. The intent must be proved by clear and convincing evidence.

Authority:

Virginia Model Jury Instruction 45.420

**<u>Jury Instruction No. 17</u>**

A surety bond is not an insurance policy but is a contract.  Unlike a liability insurance policy, in which the obligation of the insurer to the insured is the primary obligation, the obligation of a surety to a bond obligee is secondary to the obligation owed by its principal.

In this matter, the obligation of U.S. Fire, as surety, under the payment bonds to Attard Industries, Inc. is secondary to the obligation, if any, owed by Jett Mechanical, Inc. to Attard.

Authority:

Breezewood of Wilmington Condominiums Homeowners' Ass'n v. Amerisure Mut. Ins. Co., 335 Fed. App. 268 (4th Cir. 2009); Lords Landing Village Condominium Council of Unit Owners v. Continental Ins. Co., 191 F. 3d 448 (4th Cir. 1999); Pearlman v. Reliance Ins. Co., 371 U.S. 132, 140, n. 19 (1962); Sherman Const. Corp. v. Spotsylvania County School Board, 1989 WL 646360 (Va. Cir. Ct. 1989).

**Jury Instruction 18**

A surety's liability is limited to that of its bond principal. Accordingly, if you find that Jett Mechanical, Inc. is not liable to Attard Industries, Inc., then you must find that Attard is not entitled to any recovery from U.S. Fire under the payment bonds.

Authority:

Manson v. Rawlings, 112 Va. 384, 388, 71 S.E. 564, 566 (1911); see also Blumenthal-Kahn Elec. Ltd. v. American Home Assur. Co, 236 F.Supp.2d 575, 583 (E.D. Va. 2002); Centex Constr. v. Acstar Ins. Co., 448 F.Supp.2d 697 (E.D. Va. 2006); Board of Supervisors of Fairfax County v. Southern Cross Coal Corp., 238 Va. 91 (1989).

**<u>Jury Instruction No. 19</u>**

The Subcontract between Jett and Attard is the law of the case and the terms and conditions contained therein must be enforced as written.

Authority:

<u>D.C. McLain v. Arlington County</u>, 249 Va. 131 (1995).

**<u>Jury Instructions No. 20</u>**

U.S. Fire, as surety, is entitled to assert all of the rights and defenses of its bond principal, Jett.  U.S. Fire stands in the shoes of Jett for purposes of this litigation, and is entitled to assert any right or defense available to Jett in defending against Attard's claims, including those set forth in the subcontract between Attard and Jett.

In the event that you find that any defense is available to Jett against the claims asserted by Attard, then such defense is also available to U.S. Fire, as surety for Jett.

Authority:

<u>Blumenthal-Kahn Elec. Ltd. v. American Home Assur. Co</u>, 236 F.Supp.2d 575, 583 (E.D. Va 2002); <u>Centex Constr. v. Acstar Ins. Co.</u>, 448 F.Supp.2d 697 (E.D. Va. 2006); <u>Board of Supervisors of Fairfax County v. Southern Cross Coal Corp.</u>, 238 Va. 91 (1989).

**Jury Instruction 21**

U.S. Fire, as surety for Jett, is not liable to Attard under the payment bonds for any funds not yet due to Attard for labor and materials that it provided for use in the performance of the Subcontract.

Article 5.1 of the Subcontract also governs Attard's right to payment for delay and other claims, and provides in part:

> If Sub-subcontractor [Attard] shall make any claim for additional compensation and/or time for Owner [MWAA] directed changes in the Work, or any other damages for any cause arising out of or relating to problems caused by or which are the responsibility of the Owner [MWAA], a decision of the Owner [MWAA] or Owner's authorized representative shall be final and binding upon Sub-subcontractor [Attard] to the same extent it is final and binding on Subcontractor [Jett].

If you find that any portion of Attard's claim includes amounts for Owner directed changes in the work or any other damages which are the responsibility of the Owner, and which amounts have been submitted to and settled by the Owner, then Attard's recovery for such claims is limited by the amount approved by the Owner and paid to Jett.

In addition, if you find that any portion of Attard's claim that includes amounts for Owner directed changes in the work or any other damages which are the responsibility of the Owner, and which have not been settled by the Owner, then Attard is precluded from recovery for such claims.

Authority:

Arrow Equipment & Services v. Travelers Casualty and Surety Co. of Am., Case No. 09cv00861, 2010 WL 1005161 (E.D. Va. March 16, 2010) (Trenga, U.S.D.J.)

**Jury Instruction 22**

U.S. Fire, as surety for Jett, is not liable to Attard for any damage or additional compensation as a consequence of delays, unless Jett has first recovered such damages or additional compensation from the party responsible for the delays.

Article 4.1.9 of the Subcontract governs Attard's right to payment for delay claims, and provides:

Subcontractor [Jett] shall not be liable to the Sub-Subcontractor [Attard] for any damage or additional compensation as a consequence of delays, including but not limited to unabsorbed or under-absorbed overhead, extended field and home office overhead, and labor and material escalation, caused by any person unless, as a condition precedent, the Subcontractor [Jett] has first recovered same from the party responsible for the delays. Sub-subcontractor [Attard] understands and agrees that apart from any recovery from the delaying party, the Sub-subcontractor's [Attard's] sole and exclusive remedy for the delay shall be an extension in the time for performance of the Sub-Subcontractor's [Attards'] work.

If you find that any portion of Attard's claim against U.S. Fire includes amounts for any damage or additional compensation as a consequence of delays, and Jett has not recovered such damages or additional compensation from the party responsible for the delays, then U.S. Fire is not liable to Attard for such amounts under the payment bonds.

Authority:

U.S. ex. Rel. Zanahary Group, Inc. v. Systems Eng'g and Energy Mgmt. Assocs., Inc., Case No. 2:98cv1431, 2000 U.S. Dist. Lexis 23003, at *1 (E.D.Va. 2000); Dennis Stubbs Plumbing, Inc. v. Travelers Cas. & Sur. Co. of Am., 67 Fed. Appx. 789, 2003 WL 21305789, at *1 (4th Cir. 2003); U.S. ex. Rel. Joseph Shisko, Inc. v. Metric Constructions, Case No. 98-1042 1998 U.S. App. Lexis 31621, at *2 (4th Cir. 1998); Nova Cas. Co. v. Liberty Mut. Ins. Co., 540 F. Supp. 2d 476, 483 (S.D.N.Y 2008).

**Jury Instruction No. 23**

In order to have an enforceable claim against a surety, the claiming party must have satisfied all conditions precedent to making the claim. If you find that Attard has failed to perform any condition precedent to recovery contained in the Subcontract, you must find that there is no liability on the part of U.S. Fire. A "condition precedent" is defined as an obligation that Attard must comply with before having a right to make a claim on under USFIC's bonds.

Authority:

American Sur. Co. v. Plank & Whitsett, 159 Va. 1, 165 S.E. 660 (1932); Granite Bldg. Co. v. Saville's Adm'r, 101 Va. 217, 43 S.E. 351 (1903)

**Jury Instruction No. 24**

      If you find your verdict for Attard, then it is entitled to recover as damages the losses it sustained that are a direct and natural result of the breach and which it has proved by the greater weight of the evidence. The losses must have been reasonably foreseeable by the parties when they entered into the contract. In determining whether Attard has proved its damages by the greater weight of the evidence, however, you must consider the defenses of U.S. Fire, which include labor and material costs to supplement Attard's work, labor and material costs to correct Attard's defective work, labor and material costs to complete Attard's work, and amounts overbilled by Attard. To the extent that you find that the value of U.S. Fire's defenses exceed Attard's damages, then Attard is not entitled to recover any damages against U.S. Fire under the payment bonds.

Authority:

Virginia Model Jury Instructions 45.500; West Square, L.L.C. v. Communication Technologies, Inc., 649 S.E.2d 698 (Va. 2007); Mullins v. Richland Nat. Bank, 241 Va. 447, 403 S.E.2d 334 (1991).; Ulloa v. QSP, Inc., 271 Va. 72, 624 S.E.2d 43 (2006); see also Blumenthal-Kahn Elec. Ltd. v. American Home Assur. Co, 236 F.Supp.2d 575, 583 (E.D. Va. 2002); Centex Constr. v. Acstar Ins. Co., 448 F.Supp.2d 697 (E.D. Va. 2006); Board of Supervisors of Fairfax County v. Southern Cross Coal Corp., 238 Va. 91 (1989).

**Jury Instruction No. 25**

The burden is on the party claiming damages to prove by the greater weight of the evidence that they sustained each item of damages they claim. They are not required to prove the exact amount of their damages, but the damages may not be speculative and the damages must show sufficient facts and circumstances to permit you to make a reasonable estimate of them for each item. If a party fails to do so, then they cannot recover for that item.

Authority:

Virginia Model Jury Instructions 45.510; Clark v. Scott, 258 Va. 296, 303, 520 S.E.2d 366, 370 (1999); Commercial Business Sys. v. Bellsouth Servs., 249 Va. 39, 49, 453 S.E.2d 261, 268 (1995); TechDyn Sys. v. Whittaker Corp., 245 Va. 291, 298 , 427 S.E.2d 334, 339 (1993); ADC Fairways Corp. v. Johnmark Constr., Inc., 231 Va. 312, 318, 343 S.E.2d 90, 93 (1986); Harkins v. Reynolds Assocs., 221 Va. 1128, 1131-32 , 277 S.E.2d 222, 224 (1981); Holz v. Coates Motor Co., 206 Va. 894, 897 , 147 S.E.2d 152, 155 (1966); Gertler v. Bowling, 202 Va. 213, 215 , 116 S.E.2d 268, 270 (1960); Washington Golf & Country Club, Inc. v. Briggs & Brennan Developers, Inc., 198 Va. 586, 592 , 95 S.E.2d 233, 237-38 (1956); Gwaltney v. Reed, 196 Va. 505, 507-08 , 84 S.E.2d 501, 502 (1954); White Sewing Mach. Co. v. Gilmore Furn. Co., 128 Va. 630, 650-51, 105 S.E. 134, 141 (1920).

**<u>Jury Instruction No. 26</u>**

Damages that are contingent, speculative, and uncertain are not recoverable because they cannot be established with reasonable certainty.

Authority:

Virginia Model Jury Instructions 45.510; <u>see</u> <u>also</u> <u>Arrow Equipment & Services v. Travelers Casualty and Surety Co. of Am.</u>, Case No. 09cv00861, 2010 WL 1005161 (E.D. Va. March 16, 2010) (Trenga, U.S.D.J.); <u>PBM Products, LLC v. Mead Johnson Nutrition Co.</u>, 678 F. Supp. 2d 390, 398 (E.D. Va. 2009).

**Jury Instruction No. 27**

If you find your verdict for the plaintiff, then Attard is entitled to recover as damages all of the losses he sustained that are a natural and ordinary result of the breach and that he has proved by the greater weight of the evidence.

Authority:

Sunrise Continuing Care, LLC v. Wright, 277 Va. 148, 156, 671 S.E.2d 132, 136 (2009);  Stuarts Draft Shopping Ctr., L.P. v. S-D Assocs., 251 Va. 483, 491 , 468 S.E.2d 885, 890 (1996); Commercial Business Sys. v. Bellsouth Servs., 249 Va. 39, 49-50, 453 S.E.2d 261, 268-69 (1995); Long & Foster Real Estate, Inc. v. Clay, 231 Va. 170, 175-76 , 343 S.E.2d 297, 300-01 (1986);  Fauntleroy v. Walker, 220 Va. 168, 170, 257 S.E.2d 766, 767 (1979); Roanoke Hosp. Ass'n v. Doyle & Russell, Inc., 215 Va. 796, 801, 214 S.E.2d 155, 160 (1975); APCO v. John Stewart Walker, Inc., 214 Va. 524, 535 , 201 S.E.2d 758, 767 (1974); Silvey v. Johnston, 193 Va. 677, 683 , 70 S.E.2d 280, 283 (1952); E.I. du Pont de Nemours & Co. v. Universal Moulded Prods., Corp., 191 Va. 525, 568-69 , 62 S.E.2d 233, 253 (1950); Kiser v. Amalgamated Clothing Workers, 169 Va. 574, 589 , 194 S.E.727, 733 (1938); Shenandoah Milling Co. v. Phosphate Prods. Corp., 61 Va. 642, 649 , 171 S.E. 681, 683 (1933); Matthews v. LaPrade, 144 Va. 795, 801-02 , 130 S.E. 788, 790 (1925); Lehigh Portland Cement Co. v. Virginia S.S. Co.,132 Va. 257, 270, 111 S.E. 104, 108-09 (1922); Smith v. Packard, 94 Va. 730, 733 , 27 S.E. 586, 587-88 (1897); 2-45 Virginia Model Jury Instructions - Civil Instruction No. 45.500

**<u>Jury Instruction No. 28</u>**

      The damages recoverable for breach of contract must be the natural result of the breach, and the plaintiff bears the burden of establishing a causal connection between the defendant's breach and the damages claimed.

Authority:

<u>Haass & Broyles Excavators, Inc. v. Ramey Bros. Excavating Co.</u>,  233 Va. 231, 235 , 355 S.E.2d 312, 315 (1987).

Date: August 16, 2010                                  Respectfully submitted,

**UNITED STATES FIRE INSURANCE COMPANY**

By counsel,

Fred A. Mendicino (VSB No.: 34474)
Attorney for United States Fire Insurance Company
SEEGER FAUGHNAN MENDICINO, P.C.
21355 Ridgetop Circle, Suite 110
Dulles, Virginia 20166
Tel.:   (571) 434-7590
Fax.:   (571) 434-9006
Email: mendicino@sfmlawfirm.com

31

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2010 a true copy of the foregoing was hand-delivered

to the court and sent via email to:

> David Hilton Wise (VSB # 30828)
> James P. Lukes (VSB # 73752)
> Attorneys for Attard Industries, Inc.
> WISE LAW, PLC
> 11325 Random Hills Rd
> Suite 350
> Fairfax, Virginia 22030
> dwise@wiselawplc.com
> jlukes@wiselawplc.com

Fred A. Mendicino (VSB No.: 34474)