# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | |
|---|---|
| ATTARD INDUSTRIES, INC., | ) |
| | ) |
| *Plaintiff,* | ) Case No.: 1:10-cv-121 |
| | ) |
| *v.* | ) Judge Anthony J. Trenga |
| | ) |
| UNITED STATES FIRE INSURANCE COMPANY, | ) Magistrate Judge T. Rawles Jones, Jr. |
| | ) |
| *Defendant.* | ) |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff Attard Industries, Inc., by counsel, hereby submits the following proposed jury instructions. Plaintiff reserves the right to supplement or withdraw from these proposed jury instructions based upon the evidence submitted at trial.

Dated: August 16, 2010                    Respectfully submitted,

_____/s/_____
David Hilton Wise
Virginia bar number: 30828
James P. Lukes
Virginia bar number: 73752
Attorneys for Plaintiff Attard Industries, Inc.
WISE LAW, PLC
11325 Random Hills Road, Suite 350
Fairfax, Virginia 22030
Phone:      703-934-6377
Fax:          703-934-6379
dwise@wiselawplc.com
jlukes@wiselawplc.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of August, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Fred A. Mendicino, Esq.
SEEGER FAUGHNAN MENDICINO, P.C.
21355 Ridgetop Circle, Suite 110
Dulles, Virginia 20166
mendicino@smflawfirm.com

Seth A. Robbins, Esq.
SEEGER FAUGHNAN MENDICINO, P.C.
2620 P Street, N.W.
Washington, DC 20007
robbins@sfmlawfirm.com

　　　　　　　　　　/s/
James P. Lukes
Virginia bar number:  73752
Attorney for Plaintiff Attard Industries, Inc.
WISE LAW, PLC
11325 Random Hills Road, Suite 350
Fairfax, Virginia 22030
Phone:      703-934-6377
Fax:          703-934-6379
jlukes@wiselawplc.com

**Jury Instruction A**

You are the judges of facts, the credibility of the witnesses, and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.

You are entitled to use your common sense in judging any testimony. From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.

**VA Model Instruction No. 2.020, Credibility of Witnesses**

**CASES:** *Marks v. Ore*, 187 Va. 146 (1948); *Diggs v. Lail*, 201 Va. 871 (1960); *Smith v. Wright*, 207 Va. 482 (1966); *Hodge v. American Family Life Assur. Co.*, 213 Va. 30 (1972); *Williams v. Auto Brokers*, 6 Va. App. 570 (1988); *James v. Commonwealth*, 254 Va. 95 (1997).

**Jury Instruction B**

In considering the weight to be given to the testimony of an expert witness, you should consider the basis for his opinion and the manner by which he arrived at it and the underlying facts and data upon which he relied.

**VA Model Instruction No. 2.040, Expert Witness**

**CASES:** *Reed v. Church*, 175 Va. 284 (1940); *Neal v. Spencer*, 181 Va. 668 (1943); *Opanowich v. Commonwealth*, 196 Va. 342 (1954); *Weinberg v. Given*, 252 Va. 221 (1996); *Street v. Street*, 24 Va. App. 2 (1997).

**Jury Instruction C**

If you believe from the evidence that a party previously made a statement inconsistent with his testimony at this trial, that previous statement may be considered by you as evidence that what the party previously said was true.

**VA Model Instruction No. 2.135, Prior Inconsistent Statement by Party**

**CASES:**  *See Shelton v. Mullins*, 207 Va. 17 (1966); *Santen v. Tuthill*, 265 Va. 492 (2003).

**Jury Instruction D**

  If you believe from the evidence that a witness previously made a statement inconsistent with his testimony at this trial, the only purpose for which the statement may be considered by you is its bearing on the witness's credibility. It is not evidence that what the witness previously said is true.

**VA Model Instruction No. 2.130, Prior Inconsistent Statement by Witness**

**CASES:** *Shelton v. Mullins*, 207 Va. 17, 147 S.E.2d 754 (1966); *Santen v. Tuthill*, 265 Va. 492, 578 S.E.2d 788 (2003).

**Jury Instruction E**

Any fact that may be proved by direct evidence may be proved by circumstantial evidence; that is, you may draw all reasonable and legitimate inferences and deductions from the evidence.

**VA Model Instruction No. 2.100, Circumstantial Evidence**

**CASES:** *Bly v. S. Ry.*, 183 Va. 162 (1994), *aff'd on reh'g*, 183 Va. 406 (1945); *Toler v. Commonwealth*, 188 Va. 774, 780 (1945); *N. Va. Power Co. v. Bailey*, 194 Va. 464 (1952); *Wooldridge v. Echelon Serv. Co.*, 243 Va. 458 (1992); *Bailey v. Kerns*, 246 Va. 158 (1993); *Smith v. Commonwealth*, 247 Va. 157 (1994).


**Jury Instruction F**

You must not consider any matter that was rejected or stricken by the Court.  It is not evidence and should be disregarded.

**VA Model Instruction No. 2.170, Rejected and Stricken Evidence**

**CASES:**  *Fardis v. E.I. DuPont de Nemours & Co.*, 123 Va. 88 (1918); *Eubank v. Spencer*, 203 Va. 923 (1962).

**Jury Instruction G**

The greater weight of all the evidence is sometimes called the preponderance of the evidence. It is that evidence which you find more persuasive. The testimony of one witness whom you believe can be the greater weight of the evidence.

**VA Model Instruction No. 3.100, Standard of Proof: Definition of Greater Weight of the Evidence**

**CASES:** *Smyth Bros.-McCleary-McClellan Co. v. Beresford*, 128 Va. 137 (1920); *Matthews v. LaPrade*, 144 Va. 795 (1925); *N. Virginia Power Co. v. Bailey*, 194 Va. 464 (1952); *Sawyer v. Comerci*, 264 Va. 68 (2002).

### Jury Instruction H

When a party has the burden of proving an issue by clear and convincing evidence, he must produce evidence that creates in your minds a firm belief or conviction that he has proved the issue.

**VA Model Instruction No. 3.110, Standard of Proof: Definition of Clear and Convincing Evidence**

**CASES:** *Fred C. Walker Agency, Inc. v. Lucas*, 215 Va. 535 (1975); *Sea-Land Serv. v. O'Neal*, 224 Va. 343 (1982); *Higgins v. Bowdoin*, 238 Va. 134 (1989); *Se. Tidewater Opportunity Project, Inc. v. Bade*, 246 Va. 273 (1993); *Bottoms v. Bottoms*, 249 Va. 410 (1995); *Ashmore v. Herbie Morewitz, Inc.*, 252 Va. 141 (1996); *Judicial Inquiry & Review Comm'n v. Lewis*, 264 Va. 401 (2002).

### Jury Instruction I

A payment bond action is an action upon the bond itself and is not an action upon the underlying obligation secured by the bond.

**Independent Action on the Bonds**

**CASES:**  *Burton v. Frank A. Seifert Plastic Relief Co.*, 108 Va. 338, 349-50, 61 S.E. 933, 938 (1908); *First Virginia Bank-Colonial v. Baker*, 225 Va. 72, 77, 301 S.E.2d 8, 11 (1983).

**Jury Instruction J**

Payment bonds are considered similar to insurance contracts and are governed under principles applicable to insurance contracts.

**Bonds Construed like Insurance Contracts**

**CASES:** *Am. Sur. Co. of New York v. Commonwealth*, 180 Va. 97, 104, 21 S.E.2d 748, 751 (1942); *Am. Sur. Co. v. Plank & Whitsett*, 159 Va. 1, 9-10, 165 S.E. 660, 663 (1932).

**Jury Instruction K**

Interpretation of a contract is primarily a determination of what the parties intended.  In determining their intent, you should first consider the words they used.  The words should be given their plan and ordinary meaning unless an obviously different meaning is apparent.  You may also consider the subject matter of the contract, the situation of the parties, the purpose of the parties in making the contract, and the surrounding circumstances.

**VA Model Instruction No. 45.190, Contracts: Intent**

**CASES:**  *Ames v. American Nat'l Bank*, 163 Va. 1, 176 S.E. 204 (1934); *High Knob, Inc. v. Allen*, 205 Va. 503, 138 S.E.2d 49 (1964); *Clevert v. Jeff W. Soden, Inc.*, 241 Va. 108, 400 S.E.2d 181 (1991); *Brooks v. Bankson*, 248 Va. 197, 445 S.E.2d 473 (1994); *Tuomola v. Regent Univ.*, 252 Va. 368, 477 S.E.2d 501 (1996); *Westmoreland-LG&E Partners v. Virginia Elec. & Power Co.*, 254 Va. 1, 486 S.E.2d 289 (1997).

**Jury Instruction L**

The contract should be considered as a whole; no part of it should be ignored. The contract should be interpreted to give effect to each of the provisions in it. No word or phrase in a contract should be treated as meaningless if any meaning which is reasonable and consistent with other parts of the contract can be given to it.

**VA Model Instruction No. 45.300, Contracts: Contract Construed as a Whole**

**CASES:** *Tate v. Tate's Ex'r*, 75 Va. 522 (1881); *Bott v. N. Snellenburg & Co.*, 177 Va. 331, 14 S.E.2d 372 (1941); *Southwest Va. Hosps. v. Lipps*, 193 Va. 191, 68 S.E.2d 82 (1951); *Hutchinson v. King*, 206 Va. 619, 145 S.E.2d 216 (1965); *Dart Drug Corp. v. Nicholakso*, 221 Va. 989, 277 S.E.2d 155 (1981); *Berry v Klinger*, 225 Va. 201, 300 S.E.2d 792 (1983); *Winn v. Aleda Constr. Co.*, 227 Va. 304, 315 S.E.2d 193 (1984); *Combs v. Dickenson-Wise Med. Group*, 233 Va. 177, 355 S.E.2d 553 (1987); *Vega v. Chattan-Assocs.*, 246 Va. 196, 435 S.E.2d 142 (1993); *Brooks v. Bankson*, 248 Va. 197, 445 S.E.2d 473 (1994); *Doswell Ltd. Ptnr. v. Virginia Elec. & Power Co.*, 251 Va. 215, 468 S.E.2d 84 (1996); *First American Bank v. J.S.C. Concrete Constr.*, 259 Va. 60, 523 S.E.2d 496 (2000).

## Jury Instruction M

Words used by the parties should be given their ordinary, usual, and popular meaning, unless you find that the parties clearly intended such words to have another meaning.

**VA Model Instruction No. 45.305, Contracts: Ordinary Meaning of Words**

**CASES:** *Ames v. American Nat'l Bank*, 163 Va. 1, 176 S.E. 204 (1934); *Eppes v. Eppes*, 169 Va. 778, 195 S.E. 694 (1938); *Krikorian v. Dailey*, 171 Va. 16, 197 S.E. 442 (1938); *American Health Ins. Corp. v. Newcomb*, 197 Va. 836, 91 S.E.2d 447 (1956); *Graham v. Commonwealth*, 206 Va. 431, 143 S.E.2d 831 (1965); *Bolin v. Laderberg*, 207 Va. 795, 153 S.E.2d 251 (1967); *Winn v. Aleda Constr. Co.*, 227 Va. 304, 315 S.E.2d 193 (1984); *Scottsdale Ins. Co. v. Glick*, 240 Va. 283, 397 S.E.2d 105 (1990); *Graphic Arts Mut. Ins. Co. v. C.W. Warthen Co.*, 240 Va. 457, 397 S.E.2d 876 (1990); *Clevert v. Jeff W. Soden, Inc.*, 241 Va. 108, 400 S.E.2d 181 (1991); *Foods First, Inc. v. Gable Assocs.*, 244 Va. 180, 418 S.E.2d 888 (1992); *Marina Shores, Ltd. v. Cohn-Phillips, Ltd.* 246 Va. 222, 435 S.E.2d 136 (Va. 1993); *Bridgestone/Firestone, Inc. v. Prince William Square Assocs.*, 250 Va. 402, 463 S.E.2d 661 (1995); *Lenders Fin. Corp. v. Talton*, 249 Va. 182, 455 S.E.2d 232 (1995).

**Jury Instruction N**

In interpreting a contract, you should resolve any doubts about the meaning of a word or phrase against the party who prepared the contract.

**VA Model Instruction No. 45.310, Contracts: Construction Against the User of Language.**

**CASES:** *Allemong v. Gray's Adm'r*, 92 Va. 216, 23 S.E. 298 (1895); *Standard Ice Co. v. Lynchburg Diamond Ice Factory*, 129 Va. 521, 529, 106 S.E. 390, 392 (1921); *Epes' Adm'r v. Hardaway*, 135 Va. 80, 115 S.E. 712 (1923); *Scott v. Goode*, 152 Va. 827, 148 S.E.2d 268 (1946); *Carpenter v. Town of Gate City*, 185 Va. 734, 40 S.E.2d 831 (1965); *Graham v,. Commonwealth*, 206 Va. 431, 143 S.E.2d 193 (1984); *Winn v. Aleda Constr. Co.*, 227 Va. 304, 315 S.E.2d 193 (1984); *Donelly v. Donatelli & Klein*, 258 Va. 171, 519 S.E.2d 133 (1999).

## Jury Instruction O

If you have doubt about the meaning of the terms of a contract, the conduct of the parties under the contract may furnish the proper interpretation.  The interpretation by the parties is entitled to great weight.  However, any interpretation suggested or supported by the acts of the parties must be reasonable and not in conflict with the actual terms of the contract.

**VA Model Instruction No. 45.330, Contracts: Practical Construction by the Parties.**

**CASES:**  *City of Richmond v. Barry*, 109 Va. 274, 63 S.E. 1074 (1909); *Scott's Ex'r v. Chesterman*, 117 Va. 584, 85 S.E. 502 (1915); *Sutherland & Co. v. Gibson*, 117 Va. 840, 86 S.E. 108 (1915); *Walker v. Gateway Milling Co.*, 121 Va. 217, 92 S.E. 826 (1917); *Rosenberg v. Turner*, 124 Va. 769, 98 S.E. 763 (1919); *Arkla Lumber & Mfg. Co. v. West Virginia Timber Co.*, 146 Va. 641, 132 S.E. 840 (1925); *Standard Oil Co. v. Wright Oil Serv. Co.*, 265 F.2d 895 (4th Cir.1928); *Westmoreland-LG&E Partners v. Virginia Elec. & Power Co.*, 254 Va. 1, 486 S.E.2d 289 (1997).

## Jury Instruction P

A material breach of contract occurs if a party fails to do something which he is bound to do according to the contract which is so important and central to the contract that the failure defeats the very purpose of the contract.

**Model Jury Instruction No. 45.400, Contracts: Material Breach of Contract**

**CASES:** *Ragland & Co. v. Butler*, 59 Va. (18 Gratt.) 323 (1868); *Barns v. Morrison*, 97 Va. 372, 34 S.E. 94 (1899); *Rowland Lumber Co. v. Ross, Staples, Inc.*, 133 Va. 82, 112 S.E. 802 (1902); *Haynes Chme. Corp. v. Staples & Staples, Inc.*, 133 Va. 82, 112 S.E. 802 (1922); *Western State Hosp. v. Mackey*, 151 Va. 495, 145 S.E. 419 (1928); *Williams v. Snider*, 190 Va. 226, 56 S.E.2d 63 (1949); *Sternheimber v. Sternheimer*, 208 Va. 89, 155 S.E.2d 41 (1967); *Matzelle v. Pratt*, 332 F.Supp. 1010 (E.D.Va.1971); *Board of Supervisios v. Ecology One, Inc.*, 219 Va. 111, 244 S.E.2d 774 (1978); *R.G. Pope Constr. Co. v. Guard Rail*, 219 Va. 111, 244 S.E.2d 774 (1978); *Spotsylvania County Sch. Bd. v. Seaboard Sur. Co.*, 243 Va. 202, 415 S.E.2d 120 (1992); *Horton v. Horton*, 254 Va. 111, 487 S.E.2d 200 (1997).

**Jury Instruction Q**

A failure to make timely payments due under a contract constitutes a material breach.

**Failure to Pay is a Material Breach**

**CASES:** *Tandberg, Inc. v. Advanced Media Design, Inc.*, 2009 WL 4067717 (E.D.Va.2009); *In re Vecco Constr. Indus.*, 30 B.R. 945, 948-49 (Bankr.E.D.Va.1983); *Countryside Orthopaedics v. Peyton*, 261 Va. 142, 541 S.E.2d 279, 286 (2001).

**Jury Instruction R**

The party who commits the first material breach of a contract is not entitled to enforce the contract.

**First Material Breach**

**CASES:** *Countryside Orthopaedics v. Peyton*, 261 Va. 142, 153-54541 S.E.2d 279, 285 (2001); *Horton v. Horton,* 254 Va. 111, 115, 487 S.E.2d 200, 203 (1997); *Federal Ins. Co. v. Starr Elec. Co.,* 242 Va. 459, 468, 410 S.E.2d 684, 689 (1991); *Hurley v. Bennett*, 163 Va. 241, 253, 176 S.E. 171, 175 (1934).

### Jury Instruction S

A contracting party has an implied duty to perform its contractual obligations in good faith and to deal with the other contracting party fairly.

**CASES:** *Klein v. Klein*, 2003 WL 22843551, at *10 (Va. Ct. App. Dec. 2) (citing *A & E Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 798 F.2d 669, 676 (4th Cir. 1986) ("All contracting parties owe to each other a duty of good faith in the performance of the agreement.") (RESTATEMENT (SECOND) OF CONTRACTS § 205 (1981))).

**Jury Instruction T**

A party to a contract who prevents the other party from performing his obligations under a contract has breached the contract.

**Model Jury Instruction No. 45.440, Contracts: Preventing Performance**

**CASES:**  *Boggs v. Duncan,* 202 Va. 877, 121 S.E.2d 359 (1961); *Whitt v. Godwin,* 205 Va. 797, 139 S.E.2d 841 (1965); *R.G. Pope Constr. Co. v. Guard Rail*, 219 Va. 111, 244 S.E.2d 774 (1978); *Spotsylvania County Sch. Bd. v. Seaboard Sur. Co.*, 243 Va. 202, 415 S.E.2d 120 (1992).

### Jury Instruction U

The party termination a contract for an alleged default in performance has the burden of proof to show that the termination is proper.

**Burden of Proof to Justify Termination**

**CASES:** *Lisbon Contractors, Inc. v. United States,* 828 F.2d 759, 765 (Fed. Cir.1987).

**Jury Instruction V**

For termination of a contract to be proper, the party alleging a default in performance must provide the other party notice of the alleged default and an opportunity to cure any such defaults.

**Notice and Opportunity to Cure Prior to Termination**

**CASES:**  *RW Power Partners, L.P. v. Virginia Elec. & Power Co.*, 899. F.Supp. 1490, 1496 (E.D.Va.1995).

**Jury Instruction W**

A surety may not enforce the provisions of the contract secured by its bond when its principal has committed the first material breach of the contract.

**First Material Breach and Sureties**

**CASES:** *Federal Ins. Co. v. Starr Elec. Co.,* 242 Va. 459, 467-68, 410 S.E.2d 684, 688-89 (1991)

**Jury Instruction X**

A payment bond surety may not enforce pay when paid provisions contained in the contract secured by its bonds.

**Payment Bond Surety may not Enforce Pay When Paid Provisions**

**CASES**:  *Moore Bros. Co. v. Brown & Root, Inc.*, 207 F.3d 717, 723-24 (4th Cir.2000).

**Jury Instruction Y**

A waiver occurs when a party intentionally gives up a contractual right which would have been beneficial to him.  A waiver may be expressly stated or it may be implied from conduct.  A party cannot waive a right unless he has full knowledge of it.

**Model Jury Instruction No. 45.410, Contracts: Waiver**

**CASES:**  *Reid v. Field,* 83 Va. 26, 1 S.E. 395 (1887); *Goldstein v. Old Dominion Peanut Corp.*, 177 Va. 716, 15 S.E.2d 103 (1941); *Woodmen of World Life Ins. Soc'y v. Grant*, 185 Va. 288, 38 S.E.2d 450 (1946); *Tiedman v. American Pigment Corp.*, 253 F.2d 803 (4th Cir.1958); *May v. Martin*, 205 Va. 397, 137 S.E.2d 860 (1964); *Automatic Spriknler Corp. of Am. v. Coley & Petersen, Inc.*, 219 Va. 781, 250 S.E.2d 765 (1979); *General Appliance Storage Co. v. Richmond, Fredericksburg & Potomac R.R.*, 221 Va. 176, 267 S.E.2d 161 (1980).

## Jury Instruction Z

A written contract may be modified or changed by a later oral or written agreement.  Both parties must agree to the modification.  A mutual intent to modify may be either expressly stated or implied from conduct.  The intent must be proved by clear and convincing evidence.

**Model Jury Instruction No. 45.420, Contracts: Modification**

**CASES:**  *Rowland Lumber Co. v. Ross*, 100 Va. 275, 40 S.E. 922 (1902); *Campbell v. Alsop's Adm'r*, 116 Va. 39, 81 S.E. 31 (1914); *Warren v. Goodrich*, 133 Va. 366, 112 S.E. 687 (1922); *Zurich Gen. Acc. & Liab. Ins. Co. v. Baum*, 159 Va. 404, 165 S.E. 518 (1932); *Stanley's Cafeteria, Inc. v. Abramson*, 266 Va. 68, 306 S.E.2d 870 (1983); *Reid v. Boyle*, 259 Va. 356, 527 S.E.2d 137 (2000).

### Jury Instruction AA

If you find your verdict for the plaintiff, then he is entitled to recover as damages all of the losses he sustained, which are a direct and natural result of the breach and which he has proved by the greater weight of the evidence.  The losses must have been reasonably foreseeable by the parties when they entered into the contract.

**Model Jury Instruction No. 45.500, Contracts: Damages: General**

**CASES:**  *Smith v. Packard*¸ 94 Va. 730, 27 S.E. 586 (1897); *Lehigh v. Portland Cement Co. v. Virginia S.S. Co.*, 132 Va. 257, 111 S.E. 104 (1922); *Matthews v. LaPrade*, 144 Va. 795, 130 S.E. 788 (1925); *Shenandoah Milling Co. v. Phosphate Prods. Corp.*, 161 Va. 642, 171 S.E. 681 (1933); *Kiser v. Amalgamated Clothing Workers*, 169 Va. 574, 194 S.E. 727 (1938); *E.I. du Pont de Nemours & Co. v. Universal Moulded Prods., Corp.,* 191 Va. 525, 62 S.E.2d 233 (1950); *Silvey v. Johnston*, 193 Va. 677, 70 S.E.2d 280 (1952); *APCO v. John Stewart Walker, Inc.,* 214 Va. 524, 201 S.E.2d 758 (1974); *Roanoke Hosp. Ass'n v. Doyle & Russell, Inc.*, 215 Va. 796, 214 S.E.2d 155 (1975); Fauntleroy v. Walker, 220 Va. 168, 257 S.E.2d 766 (1979); *Long & Foster Real Estate, Inc. v. Clay,* 231 Va. 170, 343 S.E.2d 297 (1986); *Commercial Business Sys. v. Bellsouth Servs.,* 249 Va. 39, 453 S.E.2d 261 (1995); *Stuarts Draft Shopping Ctr., L.P. v. S-D Assocs.*, 251 Va. 482, 468 S.E.2d 885 (1996).

## Jury Instruction BB

The burden is on the plaintiff to prove by the greater weight of the evidence that he sustained damages.  He is not required to prove the exact amount of his damages, but he must show sufficient facts and circumstances to permit you to make a reasonable estimate of them.  If the plaintiff fails to do so, then he cannot recover.

**Model Jury Instruction No. 45.510, Contracts, Damages: Reasonable Proof.**

**CASES:**  *White Sewing Mach. Co. v. Gilmore Furn. Co.*, 128 Va. 630, 105 S.E. 134 (1920); *Gwaltney v. Reed*, 196 Va. 505, 84 S.E.2d 501 (1954); *Washington Golf & Country Club, Inc. v. Briggs & Brennan Developers, Inc.* 198 Va. 586, 95 S.E.2d 233 (1956); *Gertler v. Bowling,* 202 Va. 213, 116 S.E.2d 268 (1960); *Holz v. Coates Motor Co.*, 206 Va. 894, 147 S.E.2d 152 (1966); *Harkins v. Reynolds Assocs.*, 221 Va. 1128, 277 S.E.2d 222 (1981); *ADC Fairways Corp. v. Johnmark Constr., Inc.*, 231 Va. 312, 343 S.E.2d 90 (1986); *TechDyn Sys. v. Whittaker Corp.*, 245 291, 427 S.E.2d 334 (1992).

30

**Jury Instruction CC**

You shall find your verdict for the plaintiff if it has proved by the greater weight of the evidence that:

(1)     It is a proper claimant under the payment bonds; and that
(2)     It supplied labor and materials to the Project for which it has not been paid.

You shall find your verdict for the defendant if the plaintiff has failed prove either or both of the two elements above.

**Finding Instruction**

31

**Jury Instruction DD**

If you find for the plaintiff, you may award prejudgment interest to the plaintiffs beginning from the date that you determine it should begin to accrue.

**Prejudgment Interest**

**CASES**:  VA. CODE § 8.01-382; *J.W. Creech, Inc. v. Norfolk Air Conditioning Corp.*, 237 Va. 320, 326-27, 377 S.E.2d 605, 609 (1989); *City of Richmond v. Blaylock*, 247 Va. 250, 253, 440 S.E.2d 598, 599 (1994); *see further Jones v. Foster*, 70 F.2d 200, 206 (4th Cir.1934) (federal courts should apply state law to award of pre-judgment interest in diversity breach of contract action).